UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS SANCHEZ-CARRANZA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:10-CR-131-E-BLW<br><br>4:12-CV-576-E-BLW<br><br>**MEMORANDUM DECISION &<br>ORDER** |

# INTRODUCTION

Before the Court is the Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255 and Movant Sanchez-Carranza's Motion Requesting to File 28 U.S.C. § 2255 ("Motion"). Civ. Dkts. 6 and 13. Having reviewed the briefing and the record in this case, as well as the underlying criminal record, the Court will grant the Motion to Dismiss and deny Sanchez-Carranza's Motion.

# BACKGROUND

On July 28, 2010, the grand jury indicted Sanchez-Carranza with conspiracy to distribute fifty (50) grams or more of methamphetamine, distribution of fifty (50) grams or more of methamphetamine, and distribution near a playground. On April 13, 2011, Sanchez-Carranza was convicted by a jury of all three counts. This Court sentenced

Sanchez-Carranza to 97 months on each count, to run concurrently, with eight years of supervised release. Crim. Dkt. 282. On October 15, 2011, the Ninth Circuit affirmed both his conviction and sentence. Crim. Dkt. 311.

On November 19, 2012, Sanchez-Carranza filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging that his trial counsel's failure to request a "fast-track" sentence reduction, available under U.S.S. G. § 5K3.1, at his sentencing hearing constituted ineffective assistance of counsel. He bases his claim on the January 31, 2012 memorandum discussed below from James M. Cole, Deputy Attorney General, to United States Attorneys regarding fast-track. In response, the Government filed the Motion to Dismiss that is now before the Court.

On October 10, 2013, the Court received Sanchez-Carranza's Motion. Although it purports to request a form for filing a § 2255 motion, the context of the Motion and a review of the docket makes it clear that Sanchez-Carranza is actually requesting either a copy of the § 2255 Motion that is currently pending or a further extension of time for responding to the Motion to Dismiss. Because the § 2255 Motion is so obviously lacking in merit, the Court will deny Sanchez-Carranza's Motion except to the extent that he may be requesting a copy of his § 2255 Motion.

## LEGAL STANDARD

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

A response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

To survive the Motion to Dismiss, Sanchez-Carranza must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). *Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* Sanchez-Carranza has not shown either of these required elements and has not made factual allegations that would entitle him to relief on his

claim. Accordingly, this Court will dismiss Sanchez-Carranza's ineffective assistance of counsel claim without an evidentiary hearing.

First and foremost, the outcome of Sanchez-Carranza's case would not have been any different had his trial counsel requested a downward departure pursuant to U.S.S.G. § 5K3.1 at the sentencing hearing. The early disposition programs made available under this section implement the directive of §401(m)(2)(B) of the 2003 Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act"). Pub. L. No. 108-066, 117 Stat. 650, Apr. 30, 2003. The aim of these fast-track programs is to incentivize defendant cooperation in order to circumvent the prosecutorial process and speed-up sentencing for certain high case-load crimes such as illegal reentry cases under 8 U.S.C. § 1326. *Justice Department Policy on Early Disposition or "Fast-Track" Programs*, (Jan. 31, 2012), *available at* www.justice.gov/dag/fast-track-program.pdf. Each federal district's fast track program must meet certain criteria and be authorized by the Attorney General before being implemented. *Id.* In 2012, in response to concerns about the lack of uniformity in sentencing between fast-track and non-fast track districts, the Justice Department's policy changed to require every district that prosecutes felony illegal reentry cases to have a fast-track program for that category of cases. *Id.* The District of Idaho only allows fast-track sentencing for defendants charged with illegal reentry under 8 U.S.C. § 1326. *Justice Department Memoranda Authorizing Fast-Track Programs.* 21 Fed.Sent.R. 318, 323 (2009).

The defendant must meet certain minimum requirements to be eligible for a downward departure under a fast-track sentencing program. *Id.* at 319-20. First, the defendant must promptly plead guilty to the charges. Second, the defendant must enter a written plea agreement that contains an accurate factual description of the offense conduct, an agreement not to file pretrial motions under Federal Rule of Criminal Procedure 12(b)(3), and a waiver of the right to appeal or challenge the conviction, except on the issue of ineffective assistance of counsel. *Id.*

Here, Sanchez-Carranza, relying specifically on the fast-track program and the Justice Department's 2012 policy change, appears to argue that his attorney was ineffective for failing to seek a fast-track departure based merely on the fact he is in this country illegally without regard to his offense of conviction. This argument must fail.

Fast-track sentencing was not available to Sanchez-Carranza at sentencing. First, the fast-track downward departure is not available in the district of Idaho or in any district for the drug offenses of which Sanchez-Carranza was convicted under 21 U.S.C. § 841. Second, Sanchez-Carranza did not promptly plead guilty to the charges being brought against him or enter any sort of plea agreement with the Government. Indeed, to the contrary, he chose to go to trial. Had Sanchez-Carranza's trial counsel requested a fast-track downward departure at sentencing, it would not have been granted. The length of Sanchez-Carranza's sentence would not have been any shorter, even had this request been made. Therefore, Sanchez-Carranza did not suffer prejudice because of the failure of his counsel to make the motion.

Sanchez-Carranza has failed to meet *Strickland*'s deficient performance prong as well. His trial counsel's failure to request a fast-track departure cannot be characterized as unreasonable by prevailing professional standards. As noted above, Sanchez-Carranza was ineligible for a fast-track reduction based on both the crime with which he was charged and convicted and his decision to proceed to trial. Based on his obvious ineligibility, this Court cannot hold that any reasonable lawyer would have made a request for a fast-track departure at the sentencing hearing. Because Sanchez-Carranza has not shown unreasonable performance by his attorney or prejudice this Court must grant the Government's motion to dismiss the petition.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists

would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Sanchez-Carranza's claims to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED THAT:**

1. The Government's Motion to Dismiss (Civil Dkt. 6) is **GRANTED**.

2. Movant's Motion Requesting to File 28 U.S.C. § 2255 (Civ. Dkt. 13) is **GRANTED IN PART**. The Clerk of Court shall provide Movant with a copy of his § 2255 Motion. It is **DENIED** to the extent that it requests a further extension of time for responding to the Motion to Dismiss.

3. No certificate of appealability shall issue. Sanchez-Carranza is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Sanchez-Carranza files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: February 19, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court